In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-11172

_____

J&J PROPERTIES, LLC,
     a.k.a. J or J Properties LLC,

*Plaintiff-Appellee,*

*versus*

CAROLYN GLENN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:24-cv-00785-MHT-KFP

_____

Before JILL PRYOR, LAGOA, and KIDD, Circuit Judges.

BY THE COURT:

Carolyn Glenn, pro se, removed this action from state court. On March 19, 2025, the district court entered an order remanding the action for lack of subject matter jurisdiction and, on April 8, 2025, entered an order denying Glenn's motion to reconsider the

2                          Order of the Court                    25-11172

remand.  Glenn filed a notice of appeal that, liberally construed, challenges both orders.

A jurisdictional question ("JQ") asked the parties to address whether we have jurisdiction to review those orders.  J&J Properties, LLC's motion to file a response to the JQ out of time is GRANTED, and Glenn's motions to strike that motion and the response are DENIED.

Upon review of the record and the response to the JQ, we conclude that we lack jurisdiction over the March 19, 2025, remand order but can review the April 8, 2025, order.  We lack jurisdiction to review the district court's remand order because the district court based its remand on a lack of subject matter jurisdiction and Glenn did not remove the action under 28 U.S.C. §§ 1442 or 1443.  *See* 28 U.S.C. § 1447(d) (providing that we lack jurisdiction to review a district court's remand order); *id.* §§ 1442, 1443; *New v. Sports & Recreation*, 114 F.3d 1092, 1095-96 (11th Cir. 1997) (holding that, even when "clearly erroneous," a remand order based on lack of subject matter jurisdiction is unreviewable).  Nonetheless, we have jurisdiction to review the district court's order denying reconsideration of the remand order.  *See In re Loudermilch*, 158 F.3d 1143, 1145 n.2 (11th Cir. 1998) (holding that, while § 1447(d)'s prohibition on appellate review of remand orders is "strict," we nevertheless have jurisdiction to rule on a post-remand mandamus petition that does not involve a review of the remand order itself and instead requires "an assessment of the district court's jurisdiction to have reviewed or reconsidered" the remand order); *Bender v. Mazda*

25-11172                    Order of the Court                    3

*Motor Corp.*, 657 F.3d 1200, 1201-04 (11th Cir. 2011) (affirming a district court's denial of a motion for reconsideration of a remand order without expressly addressing jurisdiction).

Accordingly, this appeal is DISMISSED in part as to the district court's March 19, 2025, remand order.  The appeal MAY PROCEED only as to the April 8, 2025, order that denied Glenn's motion for reconsideration.